CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
ARABIAN WIND LTD.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ARABIAN WIND LTD.,

                          Plaintiff,

                          08 CV 6967

       v.

                          **VERIFIED COMPLAINT**

NORTHWEST PETROLEUM & GAS CO. LTD.,

                          Defendant.
-----------------------------------------------------------------X

      Plaintiff ARABIAN WIND LTD. (hereinafter "ARABIAN"), by its attorneys, Chalos, O'Connor & Duffy, as and for its Verified Complaint against the Defendant, NORTHWEST PETROLEUM & GAS CO. LTD. (hereinafter "NORTHWEST"), alleges upon information and belief as follows:

JURISDICTION

      1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

A) ARAL is an entity with a presence in the Southern District of New York

2.  The plaintiff ARABIAN is the owner of the vessel M/T ARABIAN WIND, and the business of ARABIAN is to charter the M/T ARABIAN WIND to others for the carriage of cargo in exchange for payments of hire or freight.

3.  At all times material hereto, ARABIAN was and still is a business entity registered in Liberia, but its managing and/or general agent, Eastwind Investment Company, maintains all of its offices and its principal place of business in the Southern District of New York at 444 Madison Avenue New York, New York, 10022, with a phone number in New York at (212) 838-1113 and a fax number also in New York at (212) 838-8439. *See*, http://eastwindgroup.com/.

5.  ARABIAN has continuous and systematic business contacts in the Southern District of New York in that all of ARABIAN's employees, managers, officers and directors are located in its only office which is at 444 Madison Avenue in the borough of Manhattan in the City and State of New York and PROBULK is run out of that office. *See*, http://eastwindgroup.com/.

B) Defendant NORTHWEST is a Nigerian business entity without a presence in the Southern District of New York

6.  At all times material hereto, Defendant NORTHWEST was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country operating under foreign law with an address in Nigeria at 202, Etim Inyang Crescent, Victoria Island, Lagos, Nigeria.

5. The Defendant NORTHWEST is engaged in the business of chartering and operating vessels for the carriage of goods by sea.

## AS AND FOR A CAUSE OF ACTION
## FOR BREACH OF MARITIME CONTRACT

6. On November 14, 2006, Plaintiff ARABIAN, as owner of the ocean-going vessel M/T ARABIAN WIND, entered into a charter party contract with non-party Pakri Tankers Ou, as charterer, whereby Pakri Tankers Ou hired the M/T ARABIAN WIND for a period of twenty-four (24) months +/- thirty (30) days.

7. The charter party contract between Plaintiff ARABIAN and Pakri Tankers Ou is a maritime contract.

8. Pakri Tankers Ou does not dispute that it now owes Plaintiff ARABIAN $429,100.00 for unpaid hire payments and/or other payments currently due under the November 14, 2006 charter party.

9. Pakri Tankers, in turn, through its subsidiary Baltic Tankers Ou, sub-chartered the vessel the M/T ARABIAN WIND to Defendant NORTHWEST by a fixture recap dated June 26, 2008.

10. However, Defendant NORTHWEST breached the sub-charter party dated June 26, 2008 by failing to pay $561,500.00 when it became due to Plaintiff ARABIAN under the terms and conditions of the sub-charter party dated June 26, 2008.

11. In an attempt to secure its payments, Plaintiff ARABIAN, on August 4, 2008, sent a Notice of Lien on sub-freights, the wording of which is essentially set forth in the case of <u>Tarstar Shipping Co. v. Century Shipline Ltd.</u>, 451 F. Supp. 317, 320 (S.D.N.Y. 1978).

3

12.    The Notice of a Lien on sub-freights, as was explicitly allowed under the terms of its charter party of November 14, 2006 with Pakri Tankers Ou at clause 26, informed sub-charterer Defendant NORTHWEST that Plaintiff ARAL was asserting a lien on the sub-freights and/or hire payments due on the vessel M/T ARABAIAN WIND and that all past due amounts should immediately be remitted to Plaintiff ARABIAN.

13.    Upon information and belief, Defendant NORTHWEST owes Pakri Tankers Ou and/or Baltic Tankers Ou $561,500.00 for freight or hire payments dues under the sub-charterer party for the vessel the M/T ARABIAN WIND, which amount is presently due and owing.

14.    Despite due demand, Defendant NORTHWEST has currently not paid Plaintiff ARABIAN the amount asserted in the Notice of Lien, *i.e.* $429,100.00, even though it is less than the amount it currently owes Pakri Tankers Ou and/or Baltic Tankers Ou.

15.    Defendant NORTHWEST's failure to make timely payment of the sub-freights when they are due constitutes a breach of the charter party and, therefore, Plaintiff ARABIAN has an *in personam* maritime claim against Defendant NORTHWEST for breach of its obligations under the sub-charter party and/or the charter party in the principal amount of $956,500.22. *See,* St. John Marine Co. v. U.S., 1994 U.S. Dist. LEXIS 8334, *9-*10 (S.D.N.Y. June 22, 1994).

16.    The charter party between the Plaintiff ARABIAN and Pakri Tankers Ou dated November 14, 2006 and the charter party between Baltic Tankers Ou and Defendant NORTHWEST dated June 26, 2008 provide that any disputes arising out of

the maritime contract(s) shall be governed by English law and shall be referred to arbitration in London.

17. Interest and costs, including attorneys' fees, are routinely awarded to the prevailing party in London arbitration because they are recoverable damages in arbitration pursuant to the London Maritime Arbitration Association's rules.

18. In accordance with the terms and conditions of the charter party, the Plaintiff ARABIAN is preparing to initiate direct arbitration proceedings in London against Defendant NORTHWEST in London.

20. As best as can now be estimated, the Plaintiff ARABIAN expects to recover the following amounts in London arbitration from Defendant NORTHWEST:

| | | | |
|---|---|---|---|
| A. | Principal claim | $ | 429,100.00 |
| B. | Estimated interest on claims: 3 years at 7.25%, compounded quarterly | $ | 103,218.69 |
| C. | Estimated attorneys' fees: | $ | 75,000.00 |
| D. | Estimated arbitration costs/expenses: | $ | 25,000.00 |
| **Total** | | $ | **632,318.69** |

## PRAYER FOR RELIEF

21. Notwithstanding the fact that the liability of the Defendant is subject to determination by arbitration in London, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District and held by various parties, as garnishees.

5

22.     Plaintiff ARABIAN believes that some of these assets, *to wit*: bank accounts; payments from the purchasers of other cargoes; freight and/or hire payments being made to other vessel owners U.S. dollars; freight and hire payments from other charterers or shippers of cargo; and/or Clearing House Interbank Payment System (CHIPS) credits; and/or funds being transferred through intermediary banks are located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

23.     As set forth in the accompanying Declaration of George E. Murray, the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure.

24.     Because this Verified Complaint sets forth an *in personam* maritime claim against the Defendant and because the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the Defendant and/or *quasi in rem* jurisdiction over the property of the Defendant so that an eventual judgment and/or award can be satisfied.

WHEREFORE, Plaintiff prays as follows:

A.     That the Defendant be summoned to appear and answer this Verified Complaint;

B. That the Defendant not being found within this District, as set forth in the Declaration of George E. Murray, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the defendant within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C. That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the London arbitration panel, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, *i.e.* **US$632,318.69**, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

D. That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
       August 5, 2008

By:

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
ARABIAN WIND LTD.,

George E. Murray (GM-4172)
Owen F. Duffy (OD-3144)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605

7

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
ARABIAN WIND LTD.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ARABIAN WIND LTD.,

       Plaintiff,

            08 CV _____ (___)

  v.

            **VERIFICATION**

NORTHWEST PETROLEUM & GAS CO. LTD.,

       Defendant.
------------------------------------------------------------------X

    Pursuant to 28 U.S.C. § 1746, George E. Murray, declares under the penalty of perjury:

    1.  That I am an associate attorney at the law firm of Chalos, O'Connor & Duffy LLP, counsel for the Plaintiff, ARABIAN WIND LTD., herein;

    2.  That I have read the foregoing complaint and know the contents thereof;

    3.  That I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys; and

4. That the reason that this verification was made by deponent and not by the Plaintiff is because the verification of the officers of Plaintiff could not be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
       August 5, 2008

                                CHALOS, O'CONNOR & DUFFY, LLP
                                Attorneys for Plaintiff,
                                ARABIAN WIND LTD.,

By: _____
                                George E. Murray (GM-4172)
                                366 Main Street
                                Port Washington, New York 11050
                                Tel: (516) 767-3600
                                Fax: (516) 767-3605